It settles things down a bit. Our second case for this morning is American Alternative Insurance Corporation v. Metro Paramedic Services. Mr. Chambers. It's like I stood up and the courtroom emptied. Well, that's exactly what happened. I thought it was something I said. Good morning, your honors. May it please the court, counsel. Robert Chambers from Pretzel & Stauffer for the Plaintiff Appellant, American Alternative Insurance Corporation. This is an appeal from the Northern District of Illinois in a diversity of citizenship coverage case. Cross-dispositive motions were filed by the parties. In his memorandum opinion and order, the district court asked and then incorrectly answered, Is Metro Paramedic Services and insured as a member of a joint venture with Antioch Rescue Squad? Metro asserts in its brief in this court that the third amended complaint, which was the last underlying pleading, alleges that the Antioch Rescue Squad was a joint venture and that Metro was a member of that joint venture. The question of law for de novo review here is not controlled by the allegations of the third amended complaint, as would a typical duty to defend analysis. This contract interpretation is controlled by the terms of the insurance policy. The traditional duty to defend calculus with its lax principles, which favor coverage, are not involved. The question is, is Metro Paramedic Services a named insured on a policy issued by American Alternative Insurance Corporation? And the answer is no. There is one named insured, Antioch Rescue Squad. Well, let's cut to the chase here. I mean, the theory, or at least the theory that I would like to start with, that the district court adopted is that Metro and Antioch are joint venturers and that that is partly because under the law of the Illinois Supreme Court, which is what governs here, insurance policies are to be read in a common sense way. Most insurance policies, I don't know if this one or not, but the court's law is based on the notion that most insurance policies are derived from forms that are not particular to any given state and that the term joint venture, understood in a practical way, covers these companies that work together, that have the same uniforms, that have the same, you know, that there's allegations that these are joint employees and on and on. I mean, it's all reviewed several times in the brief. And if that's correct, if Metro is a joint venture, then there's coverage under this policy. There would be coverage under the policy for Metro as a joint venture with Antioch Rescue Squad if the policy was issued to Antioch as a joint venture. The policy was issued to Antioch as a corporation. Well, but it also says that if you are a partnership or a joint venture, you're an insured. Correct. And so if Antioch and Metro are in a joint venture, then Metro is qualified as a joint venture. Well, the term you, if I may judge what, applies to Antioch Rescue Squad. The policy indicates that the word you refers to the named insured shown on the declarations, which is Antioch. The word you in the who is an insured only refers to Antioch, and it's not a camellia. If the policy was issued to you, Antioch, as a corporation, then it does not cover Antioch as a joint venture with anyone else in the world. And the policy itself even says that. It says no person or organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a named insured in the declarations. Metro is a stranger to the policy. It is not shown anywhere in the declarations. If this policy had been issued to a joint venture, then the word you would, in the who is an insured, if you are colon would refer to subarea B. Well, I understand that that's your argument, but the district judge notes that in both the MLN and the GL policy, it defines an insured to include any partners or members in a partnership or joint venture with Antioch, and that it says the underlying complaint is replete with allegations to this effect. You refuse them. And your argument below seems to have been that the Illinois common law of joint ventures required more, but he said no, the Illinois Supreme Court uses a common sense approach. Correct. I don't remember a big emphasis on the word you in your argument in the district court. We went before the district court after the memorandum of opinion was issued with a motion to reconsider or clarify, which was denied. There is no argument in the brief of APOE that in any way did American Alternative waive its argument. There is no waiver here because the district court, as this court is required to do, is required to look at all the terms and conditions of the policy. No, you're not going to go so far as to argue that it doesn't make any difference what theories you presented to the district court, because you'd have an uphill battle on that. Yes. What we're saying is if this policy had been issued to a joint venture, then every member of the joint venture is an insured. If the policy is issued to a corporation and the corporation is alleged by a stranger, a tort plaintiff. What about the language, your members and your partners are also insureds, but only within the course and scope of your operations? Correct. That means the other member of the joint venture, that's your members. If you are a joint venture. If you're a joint venture, if you're in a joint venture with another company and the district court says the facts certainly support this with METRO, then your members, that is to say METRO, within the course and scope. Nobody's saying if METRO decided to go off to Colorado and do something, that it's within that scope. This is the business. The business, which was underwritten by American Alternative, is Antioch Rescue Squad as a corporation, not as a joint venture. The you refers to the name insured. I'm not sure I agree with that. It says if the corporation is a joint venture, if it's in a joint venture, the allegations are that it was. You're not going to tell me that corporations can't be partners in a joint venture. What I will suggest to the court is if a policy is issued to a corporation, that is the you, and it doesn't change because the corporation does something which the underwriter didn't know. Well, you're making this language meaningless, I think. No, what we're saying is there can be more than one insured under the policy. There can be a named insured. There can be the named insured's partners if the policy is issued to the named insured as a partnership, or there are additional insureds. I would point out the district court correctly held that METRO was not an additional insured on this policy. The blanket additional insured endorsement or definition on this policy. That's a different theory, and I understand that theory, but I was trying to focus on the as a named insured, as a joint venture partner or member or whatever the word was. Right, and our position would be the word you refers to the named insured to which the policy was issued, and that is Antioch Rescue Squad as a corporation, not Antioch Rescue Squad. That could be something different as time goes on. So are you saying that the you is the ambiguity in the policy? No, it is not an ambiguity. It is clear. It clearly says who the you is and the word your, and even in the blanket additional insured definition, it refers to you and your, and for METRO to be an additional insured, it has to be liable for the acts or omissions of the named insured. So where in the policy does it say that an insured needs to be named on the declaration? Document 1-2, page 40 to 41. I think I have that. Well, I'm looking at page 17 of your brief, and the part that I've been trying to focus on on page 17 is section 3.1, and 3.2 is where you pick up in sub D the blanket additional insureds and the mention of the declarations. But 3.1, I don't know how you get that Antioch isn't a joint insured. The first page of the insuring agreement for the management liability coverage part says throughout this coverage part the words you and your refer to the named insured shown in the declarations, and any other person or organization qualifying as a named insured under this coverage part. So to answer the court's questions, if the policy was issued to a joint venture then any member of the joint venture would fall within subparagraph B and be an insured. The policy wasn't issued to a joint venture. Where in your brief have you said that Antioch is not a joint venture? We haven't argued that. We argued that Antioch was a corporation and the policy was issued to it as a corporation. That the allegations in the third amended complaint are that it was in a joint venture with Metro, and those allegations don't control the policy. That would go to a traditional duty to defend analysis, which the court applied to the additional insured definition, and correctly held they're not an additional insured. If they're not an additional insured, then they have to be a named insured, and they're not. The policy was only issued to one named insured, and that was Antioch Rescue Squad. We'd ask the court, and I want to save time for rebuttal if I may, to reverse that aspect of the memorandum of opinion and judgment, and to affirm the part that held that Metro was not an additional insured. Thank you. Okay. Thank you. Mr. Baratta. Good morning. May it please the court. Let's just get right to it. Following up on your questions, the answer that you heard from AAIC was that the policy was issued to a corporation, Antioch Rescue Squad. There's no indication anywhere in the policy that Antioch Rescue Squad is a corporation, or that it was only issued to the Antioch Rescue Squad as a corporation, and in fact the declaration page no doubt says that the named insured is the Antioch Rescue Squad, but in the part of the declaration page where they could have stated what organizational structure there was, they said instead, under type of entity, emergency service organization. The same answer they had for the business description, emergency service organization. Nowhere in the policy, in any of the terms of the policy, in any of the coverages provided by the policy, or in the declaration page, do they say we're issuing this policy to Antioch Rescue Squad, a corporation. That is not anywhere in the policy. The policy is silent to that. Now what counsel would have you do is ignore longstanding Illinois law that says in duty to defend, you look at the eight corners, right, the policy and the complaint, which is exactly what the district court here did. Instead, what counsel would have you do is, or AIC would have you do, is simply look at the policy. Well, I'd contend you can't look at the policy in a vacuum and determine whether there's a duty to defend. You just simply can't do it. Well, you must be relying in part, though, on the Illinois law that suggests that if a reasonable person could read the policy to find coverage, then you're kind of a contra-preferendum idea. But if a reasonable person could read it to imply coverage, then that's how it should be read. Right. So if this entity that's a rescue services organization might be a joint venture, then that's how it should be understood. Of course. But you have to look at the complaint to determine, one, obviously who's a defendant in there, and then whether they're an insured, and then the allegations in the complaint, in what capacity are they being sued? Antioch Rescue Squad, as the district court found, is certainly being sued at least in its capacity as a joint venture. And Metro, who also provided emergency services, is a member of that joint venture. Doesn't the complaint allege that these people are joint employees? I'm trying to remember exactly how to put it. Well, to be sure, the complaint here casts a very wide net in its allegations in trying to get Metro on the hook for the acts and the omissions of the Antioch Rescue Squad. One of the ways they did that by saying they were joint employers. They also said they were joint operators. They also said that there was an agency relationship. They also said, which gets into the second argument, that there was derivative liability. Paragraphs 22, 23, 25 of the complaint directly state that Metro is responsible for, is liable for the acts and omissions of the Antioch Rescue Squad Board of Directors, its employees, and its agents. So to answer your question, yes, there are many different allegations in the complaint and many different theories. And those allegations that are at the front of the complaint are then incorporated into each count of the complaint, whether against Metro or ARS. So for the derivative liability, though, wouldn't you have to be trying to hold Metro liable for something that Antioch did wrong? That's a typical respondent, you know, derivative liability picture. And we would say there are different ways to do it. One is in concert, but also just, as you say, where Metro is trying to be or the plaintiffs are trying to hold Metro liable for the acts and omissions of the Antioch Rescue Squad. And quite frankly, there are very express allegations in the complaint to that very effect. If you look at the complaint, there are lots of allegations about, for instance, the Board of Directors and what the Board of Directors did. Not only did they fail to oversee things, but they, the Board of Directors, undertook certain harassing acts against the plaintiffs directly. But where is the allegation that says that this is done, that Metro is somehow responsible for Antioch? Apart from the joint venture theory, which I understand, but in this other sense. In paragraphs 23, 22, 23, and 25 of the complaint, I think they should all be read as a whole, but, for instance, paragraph 23 says, Defendants ARS and Metro are responsible for the acts of, among others, quote, unquote, the Board members, other employees, and agents who are acting within the scope of their employment and pursuant to a policy custom and or pattern of sexual sex discrimination, sexual harassment, and retaliation. It's right there in black and white. If you have time, you can look at the other, like I said, 22 and 25, add to that. But those are express allegations that say Metro is responsible for the Board of Directors of ARS. Not only that, it's responsible for ARS's employees, and it's also responsible for ARS's agents. This was... But there's no allegation, you know, of ownership or of, I mean, the usual sorts of facts that would back up that kind of derivative liability, other than the fact that they're a joint venture, which takes us back again. Well, there's the joint venture operation. There are agency allegations in here. There's also, as was discussed in AAIC's brief, the theory of the restatement under in concert of action. Here there's allegations, at least under AAIC's theory, that both parties did something wrong, and if they were acting in concert, then each is liable for the actions of the other. One thing I think we need to be clear on, because I quite frankly don't understand the argument, but the district court did not find and we did not argue that we are named insured under this policy. We're an insured under the policy. Under the provisions that we've been discussing here, who is an insured? To say that we're not named in the declaration page or a named insured simply completely ignores all of the provisions in the policy, including who is an insured, as to who may also be an insured under the policy. An example of that, I work for the law firm of Freeborn & Peters. Our professional liability policy names Freeborn & Peters. Freeborn & Peters is the named insured under that policy. I, as a partner of that firm, am an insured under the policy. Hopefully the insurance company, if something went wrong, wouldn't say, no, you're not a named insured under the policy. All of the partners, all of the attorneys, all of the employees have to be named on the declaration page. That's simply not the case. No, that's not the way it's done. We understand that. The question is, in this instance, is Metro within the scope of one of these possibilities listed under Section 2? That's correct, and I think undoubtedly they are. Again, the complaint is replete with allegations of joint operation, joint employment, they wear the same shirts, they do the same things. Metro was an emergency service organization. ARS is an emergency service organization. The district court was well within its discretion to find that the allegations in the complaint established that plaintiffs were suing the Antioch Rescue Squad as a joint venture. As a member under the second part of that, who is an insured, as a member of that joint venture, Metro is an insured under this policy. Now, do you concede that what we have in front of us right now would not be enough to show that there's a joint venture for purposes of the formal Illinois law on joint ventures? I don't concede that, but what I do say is that that is not something that the district court did get into or should have gotten into because it's not at the duty to defend stage whether Metro and ARS are in actuality a joint venture, but it's what are the allegations in the complaint, and the district court has to take those as true. In fact, Illinois Supreme Court law says a district court should not decide issues like that. In fact, if the court had decided an issue of whether there was a joint venture, it would have been deciding an issue that was at the core of the plaintiff's case. So in a declaratory action, a district court is not to decide issues that are at the core of the plaintiff's case. So in other words, if the district court had said, no, I don't find there's enough here for a joint venture, that likely could have had a very significant impact on the underlying case where a very large part of what their claims were in trying to get Metro involved or liable in all of this was that they were acting as a member of a joint venture. So just to tie up a loose end, I understand that, or maybe I should just phrase this as a question, that the indemnification aspect of this case has roughly been settled and will follow. I mean, we've got a final judgment, right, because this was done? There's a final judgment with respect to the plaintiffs. There are cross-indemnities as to ARS and Metro. Those were dismissed earlier this year, I believe in the summer, with leave to reinstate. So the hope here is that things are resolved, but certainly those indemnification claims can still be raised through. With leave to reinstate? That makes me worry about the final judgment. I'm not sure if it's leave to reinstate, but they were dismissed, I think, without prejudice. So in other words, those claims can be brought again. There was no final decision on those indemnification claims. All from this case, though? I'm still going to say that makes me worry about final judgments. Well, there's a final judgment with respect to the plaintiffs and the defendants. But if there are other parties, are there other parties other than the plaintiff and the defendant here? No. So this is just between AAIC and Metro, the case before us. Correct. And nothing remains to be done there. Correct. And you've resolved not just duty to defend, because at first, when you read Judge Tharp's first opinion, it's just about duty to defend. But there's an indemnification aspect to this case. My apologies. I completely misunderstood your question. Yes. The duty to indemnify was addressed in summary judgment motions, to which they stipulated, and then the judgment was entered. I interpreted your question as into the underlying plaintiff's lawsuit. Oh, no, no, no. There are indemnity claims in there against one another. No, all of the issues, duty to defend, duty to indemnify, have been addressed. There's been a final judgment on that, and that's what's being appealed. Okay. Are there any questions? I'd be happy to. No, apparently not. Thank you. Mr. Jennings? Briefly, Your Honors, if I may, Mr. Berada got it right when he clarified the response to Judge Wood's question. There is nothing left in the district court of this case. If this court affirms, my client pays a lot of money, and the amount is subject to a confidentiality agreement. Conspicuously absent from the third amended complaint, notwithstanding what you just heard, conspicuously absent is any allegation that Metro was liable for the acts of Antia. It's not there. Which is why the court held the additional insured definition wasn't satisfied by those allegations. But that was the duty to defend analysis. You can't do a duty to defend analysis when the question is, who's an insured? Because who's an insured is not determined by those allegations, it's determined by the policy. And because three women sue Antioch and claim it's in a joint venture with A, B, and C, or whoever in the world they claim to be in a joint venture, doesn't make those other alleged venturers insureds under the policy. The policy, and you being Mr. Berada and his client, they don't look at the provision if you are a partnership or joint venture. Well, you would look at the complaint as a whole. This wasn't just a simple allegation of joint venture. There were a lot of facts. This was a policy that in a case from a few years back, a panel of this court in Scottsdale Insurance versus Village of Crestwood looked at a policy and said, the Village of Crestwood was sued for pollution. There's a pollution exclusion, and it's outside the fortuity of the policy. Judge Posner went into the calculus that the underwriters look at. An underwriter makes an underwriting determination, an actuarial assessment, and charges a premium based on risk. That was the risk of a corporation, not the risk of a joint venture, not the risk of Metro. Metro's a stranger to this insurance company. The fact that the plaintiffs allege a joint venture doesn't make the venturers insureds under the policy with the named insurer. They are strangers to the policy. I mean, I go back to trying to work with the language that says, your members and your partners are also insureds, but only within the course and scope. I don't see anything in that language, which is in both the GL and the ML forms, that requires listing of those people. I mean, if your point about underwriting is correct, you would think that there would be more to it than that. Well, it would be. They would know all about it if the you referred to a joint venture, and the declarations page said, Antioch Rescue Squad, a joint venture, or Antioch Rescue Squad. It wouldn't help on understanding the liability attended to the other members unless they had to be listed. Well, if the policy was issued to a joint venture, the underwriter would have underwritten the risk associated with the joint venture and its members. Rather than a corporation who three plaintiffs allege was in a joint venture, whether it was or wasn't, is not relevant. And it's not relevant because it's not the you. The you is a corporation. The underwriter would have assessed the risk posed on it by Metro being a venturer because it would have known if it did that by issuing a policy to the joint venture. That didn't happen here. And under the district court's rationale, anyone in the world that is alleged to be in a joint venture with Antioch Rescue Squad is a named insured because they're not an additional insured, so they can only be a named insured. And for those reasons, Your Honors, we'd ask the court to reverse. Thank you. All right. Thank you. Except the issue that would prevail. Except the one you like. Okay, fine. The case will be taken under advisement. Thanks to both counsel.